United States District Court
Eastern District of New York

1:18-cv-01497   (   ) (   )

Franco Condon individually and on behalf of all others similarly situated

                Plaintiff

- against -

Eat Real Snacks USA LLC

                Defendant

Complaint

The above-named plaintiff Franco ("plaintiff"), individually and on behalf of all others similarly situated, by attorneys, alleges upon information and belief, except for those allegations pertaining to plaintiff, which are based on personal knowledge:

1. The last ten (10) years have seen consumer acceptance of food products of international origin.

2. Three of the most impactful foods/ingredients are quinoa, a pseudocereal, and lentils and chickpeas leguminous crops known as pulses.

3. These three are perceived by consumers as superior to traditional grains and cereals, like corn, wheat and rice, for various reasons:

- twice as much protein as whole grains like wheat, making them a viable protein source in place or instead of animal products

- high in fiber (increased satiety)

- high in vitamins and minerals like iron, potassium, magnesium and zinc

- effect of lowering blood sugar levels (glycemic index/GI), relevant to those with diabetes

- 

1

- naturally gluten-free, which appeals to the increasing percentage of people seeking to limit or exclude gluten and/or grains from their diet

- not made from or consist of genetically modified organisms (GMOs), a key selling point to those wanting to eat more natural foods

4. As consumers increasingly place importance on of how the food they eat impacts the world around them, these foods

- have a smaller carbon footprint than an equivalent amount of animal protein would require – in other words, it's better for the environment

- leaves behind nitrogen in the soil, providing valuable nutrients to future crops, and disrupts disease and insect cycles (lentils and chickpeas)

- can thrive in non-optimal conditions with a fraction of water required by other crops, helping reducing hunger and malnutrition (quinoa)

5. Secular societal trends towards more snacking and fewer meals causes consumers to seek products which feel like an indulgence yet also provide nutrients and protein in a way traditional snacking fare would not have.

6. As a result, food companies have incorporated these novel ingredients to give a "fresh" take on existing snack foods.

7. For example, chips were once only a product made from potatoes, then were made from corn, and now are made from kale.

8. Eat Real Foods USA, LLC ("defendant") manufactures and sells snack products made from lentils, chickpeas and quinoa under the brand "EatReal" accompanied by slogans and advertising promoting the healthy and unique aspects of its Products.

9. The relevant products are "Quinoa Puffs," "Quinoa Chips," "Lentil Chips," and "Hummus Chips" (the "Products"), sold to consumers in bags of various sizes through third-parties via brick-and-mortar stores and online.

10. For each Product, various flavors are offered such as Tomato and Basil, Jalapeno and Cheddar, Sea Salt and White Cheddar, indicated on the front label in a large circular graphic.

11. The Products contain common representations with respect to information unrelated to the particular flavor of the Product, such that they focus exclusively on quinoa, lentil and chickpeas, through the Product names, "Quinoa Puffs," "Quinoa Chips," "Lentil Chips," and "Hummus Chips."

12. The labels of the Quinoa Puffs and Quinoa Chips are shown below, where they are also described as a "SUPER GRAIN SNACK."

 

13. The Products' back labels contain one or more paragraphs touting the health and nutritional aspects of quinoa, lentils and chickpeas.

14. For example, the Quinoa Puffs state:

> Quinoa Puffs are ideal for those wanting to enjoy a healthier snack. Quinoa, widely known as a "superfood", is highly valued for its nutritional benefits now and Eat Real is delighted to bring you these mouth-wateringly flavored puffs – they taste great!

3

15. The Products each represent through their name that that they are derived exclusively from quinoa, lentils and chickpeas and tout the unique benefits from their namesake ingredients.

16. The Quinoa Products are misleading because despite their names they are puffs and chips derived mainly from corn, indicated through their ingredient lists:

| Quinoa Puffs | Quinoa Chips |
|---|---|
| Quinoa Puffs (Corn Meal, Quinoa), Soybean Oil, Tapioca Maltodextrin, Salt, Sugar, Yeast Extract, Natural Flavors, Lactic Acid | Quinoa Flour, Corn Flour, Rice Flour, Corn Starch, Lentil Flour, Pea Flour, Rapeseed Oil, Sugar, Salt, Chili & Lime Seasoning (Sugar, Rice Flour, Salt, Dried Bell Pepper, Spices (Cayenne, Cumin), Garlic Powder, Citric Acid, Natural Flavorings, Herb (Parsley), Onion Powder |

17. Though the Quinoa Puffs lists "Quinoa Puffs" as the first and most predominant ingredient, the listing of its sub-ingredients reveals "Corn Meal" present in an amount greater than quinoa. 21 C.F.R. § 101.4(b).

18. The Quinoa Chips list "Quinoa Flour" as the first ingredient, the second ingredient is "Corn Flour" and the fourth ingredient is "Corn Starch," making it probable that corn is present in the Quinoa Chips in an amount greater than quinoa.

19. The Lentil and Hummus Chips' lists lentil flour and chickpea flour as their first ingredients.

20. However, because lentil flour (48%) and chickpea flour (45%) are each present in an amount less than half, it is probable that the substantive, non-flavoring ingredients are actually present in an amount which exceeds lentil and chickpea flour.

21. The second ingredients in the Lentil Chips and Hummus Chips are potato starch and rice, respectively.

22. The third ingredient in the Hummus Chips is potato starch.

23. In the United Kingdom, where defendant's parent company is based, potato starch and potato flour are used interchangeably.

24. Therefore, the Lentil and Hummus chips contain more potato and rice ingredients than those derived from lentils and chickpeas.

25. Plaintiff and reasonable consumer get the impression from the representations that the substantive, non-seasoning and functional ingredients, in the Products either consist entirely of quinoa, lentils and chickpeas or at a minimum that those ingredients are present in an amount which greatly exceeds any other non-substantive ingredients.

26. This impression is reinforced by each Product being prominently identified with a large circle denoting the specific flavor – i.e., White Cheddar Flavor – such that they will conclude the flavor is "White Cheddar" when actually the Products are corn, rice and potato snacks that are *flavored with quinoa, lentils and chickpeas*.

27. This gives a reasonable consumer the erroneous impression that quinoa, lentils and chickpeas are present in an amount greater than is the case, in terms of percentage and absolute amount, because there is no mention other than the small font ingredient list that other components make up the Products.

28. This is misleading because the presence of quinoa, lentils and chickpeas has a material bearing on price and consumer acceptance of the product, evidenced by the Product's names and marketing.

29. Finally, "quinoa puffs" or "puffed quinoa" is a distinct food expanded through a "gun puffer" and consumed directly, which does not contain added rice or pea protein concentrate.

30. Excluding tax, the Products cost no less than $4.99, a premium price compared to other similar products.

5

Jurisdiction and Venue

31. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

32. Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

33. This Court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

34. Venue is proper because plaintiff and many class members reside in this District and defendant does business in this District and in New York.

35. A substantial part of events and omissions giving rise to the claims occurred in this District.

Class Allegations

36. The classes consist of all consumers in all states and all consumers in New York State who purchased any Products bearing any actionable representations herein during the statutes of limitation periods.

37. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

38. The class is so numerous that joinder of all members, even if permitted, is impracticable, as there are likely hundreds of thousands of members.

39. Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if plaintiff and class members are entitled to damages.

40. Plaintiff's claims and the basis for relief are typical to other members because all were subjected to the same representations.

41. Plaintiff is an adequate representative because his/her interests do not conflict with other members.

42. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

43. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

44. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

45. Plaintiff seeks class-wide injunctive relief because the practices continue, with the injunctive class maintained as a class action because it meets the same criteria as the non-injunctive class.

## Parties

46. Plaintiff is a citizen of Nassau County, New York.

47. Defendant is a Georgia limited liability company with a principal place of business in Marietta, Georgia and upon information and belief, none of its members are New York citizens.

48. Defendant is a subsidiary of the United Kingdom snack food conglomerate, Cofresh.

49. In 2017, plaintiff purchased the Product(s) for no less than $4.09, excluding tax, at a store within this District.

50. Plaintiff paid this premium because prior to purchase, plaintiff saw and relied on the front label identification and description, "Quinoa Puffs."

## Violations of New York General Business Law §§ 349 & 350

51. Plaintiff repeats and realleges all allegations in foregoing paragraphs.

7

52. Defendant's acts, practices, advertising, labeling, packaging, representations and omissions are not unique to the parties and have a broader impact on the public.

53. The representation, description and identification of the Products as are false and misleading for the reasons described herein.

54. No reasonable consumer would expect products represented as consisting of quinoa, lentil and chickpeas to be made from mostly rice, corn and potatoes.

55. The representations and omissions were relied on by plaintiff and class members, who paid more than they would have without getting all they bargained for.

<u>Breach of Express Warranty and Implied Warranty of Merchantability</u>

56. Plaintiff repeats and realleges all allegations in foregoing paragraphs.

57. Defendant manufactures and sells snack products purporting to consist exclusively of quinoa, lentils and chickpeas and warranted same to plaintiff and class members.

58. The Products did not conform to their affirmations of fact and promises, wholly due to defendant's actions.

59. Plaintiff and class members relied on defendant's claims, paying more than they would have otherwise.

<u>Fraud</u>

60. Plaintiff repeats and realleges all allegations in foregoing paragraphs.

61. Defendant described and identified the Products in a deceptive way and touted quinoa, lentils and chickpeas exclusively, when it could have used non-misleading names or descriptions.

62. Defendant's purpose was to mislead consumers who increasingly seek products made of predominantly non-traditional, yet healthier ingredients instead of corn, rice or potatoes.

8

63. Defendant's intent was to distinguish its Products in the marketplace amongst the numerous other companies producing "better for you" snack products.

64. Plaintiff and class members observed and relied on the representations, which they understood to mean that quinoa, lentils and chickpeas were the sole substantive (i.e., non-flavoring) ingredient.

65. Plaintiff and class members paid more than they would have due to the false representations, entitling them to damages.

## Unjust Enrichment

66. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

67. Defendant obtained benefits and monies because the Products were not as represented, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of such inequitably obtained profits.

## Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

   **WHEREFORE,** plaintiff, individually and on behalf of all others similarly situated, prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct its practices to comply with the law;

3. Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law and GBL claims;

4. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

5. Such other and further relief as the Court deems just and proper.

Dated:  March 10, 2018

                                      Respectfully submitted,

                                      Levin-Epstein & Associates, P.C.
                                      /s/Joshua Levin-Epstein
                                      Joshua Levin-Epstein
                                      1 Penn Plaza, Suite 2527
                                      New York, NY 10119
                                      Tel: (212) 792-0046
                                      joshua@levinepstein.com

                                      Sheehan & Associates, P.C.
                                      /s/Spencer Sheehan
                                      Spencer Sheehan
                                      891 Northern Blvd., Suite 201
                                      Great Neck, NY 11021
                                      Tel: (516) 303-0552
                                      spencer@spencersheehan.com

1:18-cv-01497   (   ) (   )
United States District Court
Eastern District of New York

Franco Condon individually and on behalf of all others similarly situated

Plaintiff

- against -

Eat Real Snacks USA LLC

Defendant

## Complaint

Levin-Epstein & Associates, P.C.
1 Penn Plaza
Suite 2527
New York, NY 10119
Tel: (212) 792-0046
Fax: (212) 563-7108

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  March 10, 2018

/s/ Joshua Levin-Epstein<br>Joshua Levin-Epstein

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | ) | |
|---|---|---|
| Joe Doe individually and on behalf of all others similarly situated | ) ) ) ) ) ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) ) ) ) ) | |
| *Defendant(s)* | ) ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*   Simple Mills, Inc.
c/o The Corporation Trust Company

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Levin Epstein & Associates, P.C. 1 Penn Plaza, # 2527, New York, NY 10119

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: _____                                            _____
*Signature of Clerk or Deputy Clerk*